UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
=================================

ROCHELLE T. ALSTON, Individually             **NOTICE OF REMOVAL**
and on behalf of her infant daughter, J.L.J.,

                    Plaintiff,

        v.

CITY OF BUFFALO, CITY OF BUFFALO
POLICE DEPARTMENT, PATRICK S. GARRY,
JONATHAN J. HANOVER, and JOHN DOES 1-6
ARE UNIDENTIFIED OFFICERS OF THE BUFFALO
POLICE DEPARTMENT,

                    Defendants.
=================================

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK:**

        **PLEASE TAKE NOTICE**, that pursuant to 28 U.S.C. §§1441

and 1446, defendants, above-named, by their attorney, Cavette A. Chambers,

Corporation Counsel, David M. Lee, of counsel, hereby remove to this Court

the civil action filed in New York State Supreme Court, Erie County, bearing

Index Number 815893/2024. In support of this notice, defendants state that:

        1.      Plaintiff filed a summons and complaint against the defendants

in state court on October 28, 2024. Upon information and belief, the

defendants were served with the pleading on or about February 20, 2025.

        2.      An index identifying each document filed or served in the state

court action in chronological order is attached hereto at page 3. Copies of these

documents are attached hereto as exhibits.

1

3.     This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 because the plaintiff's complaint asserts claims arising under, inter alia, 42 U.S.C. §1983.

4.     Venue is proper pursuant to 28 U.S.C. §1441(a) as this Court is the federal district court for the district embracing the place where the state court action is pending.

**WHEREFORE**, defendants file this notice of removal so that the action now pending in state court is removed to this Court for all further proceedings.

Dated:      Buffalo, New York
            March 24, 2025

Respectfully submitted,

Cavette A. Chambers
Corporation Counsel
Attorney for Defendants

By:    s/David M. Lee
Assistant Corporation Counsel
City of Buffalo Law Department
65 Niagara square, 1114 City Hall
Buffalo, New York 14202
(716) 851-9691
dlee@city-buffalo.com

## INDEX OF DOCUMENTS FILED OR SERVED IN STATE COURT
## PRIOR TO REMOVAL

Exh. A:  Plaintiff's notice of claim.

Exh. B:  Defendants' N.Y. General Municipal Law §50-h notice.

Exh. C:  Plaintiff's summons and complaint, with affirmations of service.

Exh. D:  Defendants' answer.

Exh. E:  Defendants' N.Y. C.P.L.R. 3107 deposition notice.

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that promptly after filing the foregoing notice of removal in this Court, I will file the notice and attachments being filed with this Court on the New York State Courts Electronic Filing System, which will give notice to plaintiff and state court of the removal.

Dated:      Buffalo, New York
            March 24, 2025

                        s/David M. Lee
                        Assistant Corporation Counsel

# Exhibit A

---

ROCHELLE T. ALSTON,

       Claimant,

 vs.                 NOTICE OF CLAIM

CITY OF BUFFALO,
BUFFALO POLICE DEPARTMENT,
PATRICK S. GARRY, JONATHAN J. HANOVER, and
UNIDENTIFIED OFFICERS OF THE BUFFALO
POLICE DEPARTMENT,

       Respondents.

---

**TO: CITY OF BUFFALO,**

   **BUFFALO POLICE DEPARTMENT,**

   **PATRICK S. GARRY, JONATHAN J. HANOVER, and**

   **UNIDENTIFIED OFFICERS OF THE BUFFALO
POLICE DEPARTMENT,**

   PLEASE TAKE NOTICE that the Claimant, **ROCHELLE T. ALSTON, individually and on behalf of her infant daughter, JURNEE LAYAH JONES,** herein hereby makes claim and demand against the CITY OF BUFFALO, BUFFALO POLICE DEPARTMENT, PATRICK S. GARRY, JONATHAN J. HANOVER, and UNIDENTIFIED OFFICERS OF THE BUFFALO POLICE DEPARTMENT, as follows:

   1. The name of the Claimant is ROCHELLE T. ALSTON.  Her post office address is 4593 Chestnut Ridge Road, Unit 1, Amherst, New York 14228.

   2. The name and address of Claimant's attorney is MARY E. MALONEY, whose office and post office address is 256 Third Street, Suite 31, Niagara Falls, New York, 14303, and telephone number is (716) 282-2356.

3.    The nature of the claim is an action for the recovery of damages sustained by the Claimant and her infant daughter due to unlawful search and seizure of her person; damage to her vehicle; violation of constitutional rights under New York State Constitution Article I, Section 1 and 12; violation of constitutional rights under the United States Constitution Fourth and Fourteenth Amendments; violation of due process rights; intentional infliction of emotional distress; mental and emotional suffering; and negligent infliction of emotional distress.

4.    The time when, the place where and the manner in which the claim arose: July 30, 2023 at approximately 5:20 p.m., at the parking lot located at Sycamore Street and Herman Street in the City of Buffalo, New York 14212, outside the Cricket phone store located at 731 Sycamore Street in the City of Buffalo, New York 14212 and other stores including Lucky's at 729 Sycamore Street in the City of Buffalo, New York 14212.

5.    On or about 5:15 p.m. on July 30, 2023, the Claimant together with CHEVALIER R. JONES and their two year old daughter drove to said Lucky's store located at 729 Sycamore Street in the City of Buffalo, New York 14212 to pay a phone bill and seek repair of a phone.

6.    The Claimant was the driver of her vehicle.  She parked her car in the said parking lot.

7.    CHEVALIER R. JONES went into Lucky's store located at 729 Sycamore Street in the City of Buffalo, New York 14212 while the Claimant and their two year old daughter remained in her car.

8.    CHEVALIER R. JONES came out of Lucky's store to obtain a code and information sent to the Claimant's phone by T-Mobile phone company.

2

9.      While the Claimant, CHEVALIER R. JONES and their daughter remained in her car, an unidentified female Buffalo Police Department Officer approached the front passenger side of the car and looked inside.

10.     CHEVALIER R. JONES put the car window down and asked the Buffalo Police Officer, upon information and belief "what's going on?"

11.     Upon information and belief, the unidentified Buffalo Police Officer responded but the Claimant did not hear the response.

12.     The Buffalo Police Officer walked away from her car.

13.     Then CHEVALIER R. JONES opened the door to return to the Cricket phone store to complete his business.

14.     With the car door open and standing next to it, CHEVALIER R. JONES was confronted by multiple Buffalo Police Officers including PATRICK S. GARRY.

15.     Upon information and belief, Buffalo Police Officer JONATHAN J. HANOVER was there or nearby.

16.     Upon information and belief, Buffalo Police Officer PATRICK S. GARRY then began verbally attacking and physically hitting and shoving CHEVALIER R. JONES into the side of Claimant's car without legal cause or right.

17.     Buffalo Police Officer PATRICK S. GARRY, together with multiple unidentified Buffalo Police Officers including upon information and belief Buffalo Police Officer JONATHAN J. HANOVER beat and assaulted CHEVALIER R. JONES.

18.     During this beating assault, the Claimant got out of her car to witness the assault and plead with the Buffalo Police Officers to stop the assault.

3

19. The Claimant was then confronted by an unidentified male and female Buffalo Police Officers who blocked her freedom of movement.

20. Said unidentified male and female Buffalo Police Officers, without legal cause, told the Claimant to put her hands on her vehicle.

21. Meanwhile, the Claimant's two year old daughter was upset, crying and appeared afraid.

22. The Claimant's daughter witnessed her father being physically touched, pushed and hit by the Buffalo Police Officers.

23. The said unidentified male and female Buffalo Police Officers, without legal cause, unlawfully searched the Claimant's person.

24. During the unlawful search and seizure of the Claimant's person, she asked them "what are you doing? We are here to pay a phone bill."

25. The Buffalo Police Officer, without permission or cause, then placed his head inside the Claimant's car while the Claimant was being seized and the Claimant's daughter remained scared inside her car.

26. During the Claimant's unlawful search and seizure, CHEVALIER R. JONES was unlawfully arrested and placed in one of the many police vehicles at the scene.

27. The Claimant's property was damaged by the unlawful acts of the Buffalo Police Officers.

28. Buffalo Police Officers told the Claimant where they took CHEVALIER R. JONES.

29. The Buffalo Police Officers further told the Claimant to go home because CHEVALIER R. JONES might not be released tonight.

4

30.    The Claimant then went to the precinct, being too afraid to enter the building. The Claimant remained in her car with her daughter for approximately 45 minutes until it was necessary to return home for baby food and diapers.

31.    When the Claimant got home she received a telephone call from CHEVALIER R. JONES that he was released from custody.

32.    The Claimant then took CHEVALIER R. JONES home.

33.    After being home, due to the declining condition of CHEVALIER R. JONES, the Claimant telephoned ambulance which arrived and took CHEVALIER R. JONES to the hospital for medical treatment of his injuries.

34.    That issues of damage or injuries claimed are:  damages for unlawful detention and loss of freedom, damages for property damage to the Claimant's vehicle, attorney's fees, mental and emotional suffering, damages for violation of her constitutional rights and for such other relief as the Court may grant.

35.    That said claim and demand is hereby presented for adjustment and payment.

WHEREFORE, the Claimant, **ROCHELLE T. ALSTON, individually and on behalf of her infant daughter, JURNEE LAYAH JONES**, request that this claim be allowed and paid by the Respondents, CITY OF BUFFALO, BUFFALO POLICE DEPARTMENT, PATRICK S. GARRY, JONATHAN J. HANOVER, and UNIDENTIFIED OFFICERS OF THE BUFFALO POLICE DEPARTMENT.  You are hereby notified that unless it is adjusted and paid within thirty (30) days of the date of presentation to you, the Claimant intends to commence an action in this matter.

Dated:  Niagara Falls, New York
        October 20, 2023

5

Respectfully Submitted,

**MALONEY & MALONEY**
**By:  Mary E. Maloney, Esq.**
Attorney for Claimant
Office and Post Office Address
256 Third Street, Suite 31
Niagara Falls, NY 14303
(716) 282-2356

STATE OF NEW YORK    )

                              > ss.:

COUNTY OF NIAGARA    )

      **ROCHELLE T. ALSTON**, being duly sworn says that she is the Claimant of the within Notice of Claim; that deponent has read the foregoing **NOTICE OF CLAIM** and knows the contents thereof, that the same is true to deponent's knowledge, except as to those matters therein stated to be alleged upon information and belief; and that as to those matters she believes them to be true.

                                                  **ROCHELLE T. ALSTON**

Subscribed and sworn to before me
this _28th_ day of October, 2023.

_____
Notary Public

| |
|---|
| MARY ELLEN MALONEY |
| NOTARY PUBLIC, STATE OF NEW YORK |
| Registration No. 02MA6244846 |
| Qualified in Erie County |
| Commission Expires July 18, 2027 |

# Exhibit B

In the Matter of the Claim of
_____

**ROCHELLE T. ALSTON**

      -against-

**CITY OF BUFFALO, BUFFALO POLICE
DEPARTMENT, PATRICK S. GARRY,
JONATHAN J. HANOVER, and
UNIDENTIFIED OFFICERS OF THE
BUFFALO POLICE DEPARTMENT**

_____

**Notice for Examination Under
Oath or Affirmation**

      **PLEASE TAKE NOTICE,** that pursuant to New York State General Municipal Law §50-h **ROCHELLE T. ALSTON** is to appear at the Law Department of the City of Buffalo, located on the 11th floor of Buffalo City Hall, 65 Niagara Square, Buffalo, New York on **January 11, 2023 at 1:00 p.m.** to be examined under oath or affirmation, upon oral questions, by an Assistant Corporation Counsel for the City of Buffalo.

      **Please take further notice,** that upon request a transcript of the examination shall be furnished to the claimant or claimant's counsel.

Dated: Buffalo, New York
      November 3, 2023

                                  CAVETTE A. CHAMBERS, ESQ.
                                  Corporation Counsel

                                  Ryan Sollenne
                                  Assistant Corporation Counsel
                                  1100 City Hall
                                  65 Niagara Square
                                  Buffalo, New York 14202

TO:    Maloney & Maloney, Attorneys at Law
          Attn: Mary E. Maloney, Esq.
          256 Third Street, Suite 31
          Niagara Falls, New York 14303

**\*Upon receipt of this Notice please call
851-4343 to confirm your availability
for this examination.**



# Exhibit C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ERIE
--------------------------------------------------------------------x
Rochelle Alston, individually and on behalf of her
infant daughter, J.L.J.

                          Plaintiff/Petitioner,


          - against -

City of Buffali, City of Buffalo Police Department,
Patrick S. Garry, Jonathan J. Hanover, John Does 1-6

                          Defendant/Respondent.
--------------------------------------------------------------------x

BPD COMMISSIONER
2025 FEB 20 PM 1:01

CITY OF BUFFALO
DEPARTMENT OF LAW

FEB 24 2025

RECEIVED from bpd

Index No. 815893/2024

## NOTICE OF ELECTRONIC FILING
### (Mandatory Case)
(Uniform Rule § 202.5-bb)

**You have received this Notice because**:

> 1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

> 2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney**:
  Give this Notice to your attorney. (<u>Attorneys</u>: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney**:
  **You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

  **If you choose to participate in e-filing, you <u>must</u> have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

The **benefits of participating in e-filing** include:

  - serving and filing your documents electronically

  - free access to view and print your e-filed documents

  - limiting your number of trips to the courthouse

  - paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: **www.nycourts.gov/efile-unrepresented** or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at **www.nycourts.gov**

To find legal information to help you represent yourself visit www.nycourthelp.gov

**Information for Attorneys**
**(E-filing is Mandatory for Attorneys)**

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).

Dated: October 28, 2024

Mary E. Maloney
            **Name**
Maloney & Maloney

            Firm Name

256 Third Street, Suite 31
            Address

Niagara Falls, NY  14303


716-282-2356
            Phone


Maloneylawyers@aol.com
            E-Mail


To:    Patrick S. Garry

       68 Court Street

       Buffalo, New York 14202

Index  #                              Page 2  of 2                         6/6/18    EFM-1

STATE OF NEW YORK : COUNTY OF ERIE
SUPREME COURT

**ROCHELLE T. ALSTON, individually and
on behalf of her infant daughter, J.L.J.,**
4593 Chestnut Ridge Road, Unit 1
Amherst, New York 14228,

**Index No.:** 815893/2024

Plaintiff,

vs.

**SUMMONS**

**CITY OF BUFFALO**
65 Niagara Square
Buffalo, New York 14202,

**CITY OF BUFFALO POLICE DEPARTMENT**
68 Court Street
Buffalo, New York 14202,

**PATRICK S. GARRY**
68 Court Street
Buffalo, New York 14202,

**JONATHAN J. HANOVER**
68 Court Street
Buffalo, New York 14202, **and**

**JOHN DOES 1-6 ARE UNIDENTIFIED OFFICERS
OF THE BUFFALO POLICE DEPARTMENT**
68 Court Street
Buffalo, New York 14202,

Defendants.

**TO THE ABOVE NAMED DEFENDANT:**

YOU ARE HEREBY SUMMONED to answer the Complaint in this action, and to serve

a copy of your answer, or, if the Complaint is not served with a summons, to serve a notice of

appearance, on the Plaintiffs' Attorney within twenty (20) days after service of this summons,

exclusive of the date of service, or within thirty (30) days after completion of service where service is

made in any other manner than by personal delivery within the State. In case of your failure to

appear or answer, judgment may be taken against you by default for the relief demanded in the

Complaint.

The County of Erie is designated as the venue based upon the location of the incident and residence of the Plaintiff.

DATED:  October 28, 2024
     Niagara Falls, New York

            _Mary E. Maloney_

**Mary E. Maloney, Esq.**
**MALONEY & MALONEY**
Attorney for Plaintiff
Office and Post Office Address
256 Third Street, Suite 31
Niagara Falls, NY 14303
(716) 282-2356/Maloneylawyers@aol.com

STATE OF NEW YORK : COUNTY OF ERIE
SUPREME COURT

---

**ROCHELLE T. ALSTON, individually and
on behalf of her infant daughter, J.L.J.,**
4593 Chestnut Ridge Road, Unit 1
Amherst, New York 14228,

                   Plaintiff,

    vs.

**CITY OF BUFFALO**
65 Niagara Square
Buffalo, New York 14202,

**CITY OF BUFFALO POLICE DEPARTMENT**
68 Court Street
Buffalo, New York 14202,

**PATRICK S. GARRY**
68 Court Street
Buffalo, New York 14202,

**JONATHAN J. HANOVER**
68 Court Street
Buffalo, New York 14202, **and**

**JOHN DOES 1-6 ARE UNIDENTIFIED OFFICERS
OF THE BUFFALO POLICE DEPARTMENT**
68 Court Street
Buffalo, New York 14202,

                   Defendants.

**Index No.:** 815893/2024

**COMPLAINT**

---

     The Plaintiff, **ROCHELLE T. ALSTON, individually and on behalf of her infant daughter, J.L.J.,** by her attorney, MARY E. MALONEY of MALONEY & MALONEY, for his complaint against the Defendants herein, respectfully alleges unto the Court as follows:

## NATURE OF THE ACTION

1.      Plaintiff brings this action to redress the deprivation of rights secured to Plaintiff under color of statute, ordnance, regulation, custom, and or to redress the deprivation of rights, privileges and immunities secured to the Plaintiff by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and by Title 42 U.S.C. §§ 1983, 1985, 1986 and 1988, and by New York State law.

2.      Plaintiff seeks compensatory damages, punitive damages and attorneys fees pursuant to said statutes, the Constitution of the United States, and for her supplemental state law claims, for unlawful detention, and deprivation of her civil rights as a result of the willingness and negligence of the Defendants, perpetrated while the Defendants were in the process of illegally and unlawfully arresting **CHEVALIER JONES**, by searching, detaining and taking into custody Plaintiff and maliciously scaring her two year old child, **J.L.J.**

## JURISDICTION

3.      This action is brought pursuant to the laws of the State of New York and 42 U.S.C. §§ 1983, 1985, 1986 and 1988 and the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

4.      This Court has subject matter jurisdiction over this matter pursuant to the situ of the incident.

## VENUE

5.      Venue is proper in this court as it is where the claims arose and also where all of the parties reside.

## **JURY TRIAL DEMANDED**

6.      Plaintiff respectfully demands a trial by jury of all issues in this matter.

## **THE PARTIES**

7.      Plaintiff, **ROCHELLE T. ALSTON, individually and on behalf of her infant daughter, J.L.J.**, (hereinafter "ALSTON") resides at 4593 Chestnut Ridge Road, Unit 1, Amherst, New York 14228.

8.      Defendant, **CITY OF BUFFAO, NEW YORK** (hereinafter "**CITY**"), is a municipal corporation organized under the laws of the State of New York with a principle place of business located at 65 Niagara Square in the City of Buffalo, County of Erie, State of New York.

9.      Defendant, **CITY** maintains the Buffalo Police Department (hereinafter "**BPD**") a duly authorized public authority and/or police department authorized to perform all functions of a police department pursuant to the applicable laws and regulations of **CITY** and the State of New York located at 68 Court Street in the City of Buffalo, County of Erie, State of New York.

10.     Defendant, **PATRICK S. GARRY** ("**GARRY**") is a police officer with the Buffalo Police Department located at 68 Court Street in the City of Buffalo, County of Erie, State of New York.

11.     Defendant, **JONATHAN J. HANOVER** ("**HANOVER**") is a police officer with the Buffalo Police Department located at 68 Court Street in the City of Buffalo, County of Erie, State of New York.

12.     Defendants, **JOHN DOES 1-6** (hereinafter **DOE**) are UNIDENTIFIED POLICE OFFICERS WITH THE BUFFALO POLICE DEPARTMENT whose names are

unknown and who are duly sworn police officers of **BPD** and employees of Defendant, **CITY** and acting under the supervision of Defendant, **CITY** and according to their official duties.

13.    That at all relevant times Defendant, **CITY**, either personally or through its employees, was acting under color of state law and/or in compliance with the official laws, rules, regulations, customs, statues, usages and/or practices of the State of New York and/or **COUNTY** of Niagara.

14.    That at all times hereinafter mentioned, Defendant, **CITY**, owns **BPD** as a subsidiary.

15.    That at all times hereinafter mentioned, Defendant, **CITY**, maintains **BPD**.

16.    That at all times hereinafter mentioned, Defendant, **CITY**, operates **BPD**.

17.    That at all times hereinafter mentioned, Defendant, **CITY**, controls **BPD**.

18.    That at all times hereinafter mentioned, Defendant, **CITY**, manages **BPD**.

## <u>NOTICE OF CLAIM</u>

19.    The nature of the claim is an action for the recovery of damages sustained by the Plaintiff due to unlawful search and seizure of her person; unlawful detention and confinement; violation of constitutional rights under New York State Constitution Article I, Section 1 and 12; violation of constitutional rights under the United States Constitution Fourth and Fourteenth Amendments; violation of due process rights; intentional infliction of emotional distress; and negligent infliction of emotional distress.

20.    On October 14, 2023 Plaintiff duly served upon Defendant, **CITY**, a Notice of Claim for the cause of action herein contained by serving Cavette Chambers,

*[handwritten notes in margins:]*

*DKI*

*A to recieving But D'rest*

*"Responding to paragraphs 14 though 18, City admits that the Buffalo Police Department is an administrative arm of the City of Buffalo that does not exist separate & apart from the City and does not have its own legal identity."*

Corporation Counsel for Defendant, **CITY** in compliance with New York General Municipal Law § 50(e).

21.     The service of the Notice of Claim upon Defendant, **CITY**, was within ninety (90) days of the occurrence of the incident and/or arising of the claim.

22.     More than thirty (30) days have passed since the service of the Notice of Claim upon Defendant, **CITY** and Defendant, **CITY** has failed to adjust and/or dispose of the claim presented therein.

23.     This action is commenced within one year and ninety days of the accrual and/or occurrence of the cause of action based upon the actual.

24.     On October 14, 2023 Plaintiff duly served upon Defendant, **BPD**, a Notice of Claim for the cause of action herein contained by serving Commissioner Joseph A. Gramaglia, Commissioner of Police for Defendant, **CITY** in compliance with New York General Municipal Law § 50(e).

25.     The service of the Notice of Claim upon Defendant, **BPD**, was within ninety (90) days of the occurrence of the incident and/or arising of the claim.

26.     More than thirty (30) days have passed since the service of the Notice of Claim upon Defendant, **BPD** and Defendant, **BPD** has failed to adjust and/or dispose of the claim presented therein.

27.     This action is commenced within one year and ninety days of the accrual and/or occurrence of the cause of action based upon the actual.

## FACTS

28.     On or about 5:15 p.m. on July 30, 2023, the Plaintiff together with CHEVALIER R. JONES and their two year old daughter drove to the Cricket phone

store located at 731 Sycamore Street in the City of Buffalo, New York 14212 to pay a

phone bill and seek repair of a phone.  There were other stores in the plaza including

Lucky's at 729 Sycamore Street in the City of Buffalo, New York 14212.

29.    The Plaintiff was the driver of her vehicle.  She parked her car in the said

parking lot.

30.    CHEVALIER R. JONES went into the Cricket phone store located at 731

Sycamore Street in the City of Buffalo, New York 14212 while the Plaintiff and their two

year old daughter remained in her car.

31.    CHEVALIER R. JONES came out of the Cricket phone store to obtain a

code and information sent to the Plaintiff's phone by the Cricket company.

32.    While the Plaintiff and her daughter remained in her car, an unidentified

female Buffalo Police Department Officer approached the front passenger side of the

car at approximately 5:20p.m., stood immediately next to the vehicle, obstructed the

vehicle and looked inside.

33.    CHEVALIER R. JONES was in the passenger seat.  He put the car

window down and asked the Buffalo Police Officer, upon information and belief "what's

going on?"

34.    Upon information and belief, the unidentified Buffalo Police Officer

responded that they were looking for a gun.

35.    The Buffalo Police Officer walked away from the car.

36.    CHEVALIER R. JONES then opened the door to return to the Cricket

phone store to complete his business.

37. With the car door open and standing next to it, CHEVALIER R. JONES was confronted by multiple Buffalo Police Officers including PATRICK S. GARRY.

38. Upon information and belief, Buffalo Police Officer JONATHAN J. HANOVER was there or nearby.

39. Upon information and belief, Buffalo Police Officer PATRICK S. GARRY then began verbally attacking and physically hitting and shoving CHEVALIER R. JONES without legal cause or right.

40. Buffalo Police Officer PATRICK S. GARRY, together with multiple unidentified Buffalo Police Officers including upon information and belief Buffalo Police Officer JONATHAN J. HANOVER beat and assaulted CHEVALIER R. JONES.

41. During this beating assault, I plead with the Buffalo Police Officers to stop the assault.

42. I got out of my car being confronted by an unidentified male and female Buffalo Police Officers who blocked my freedom of movement.

43. Said unidentified male and female Buffalo Police Officers, without legal cause, told me to put my hands on my vehicle.

44. Meanwhile, my two year old daughter was upset, crying and appeared afraid.

45. My daughter witnessed her father being physically touched, pushed, hit injured and handcuffed by the Buffalo Police Officers.

46. The said unidentified male and female Buffalo Police Officers, without legal cause, unlawfully searched my person.

47.     During the unlawful search and seizure of my person, I asked them "what are you doing?  We are here to pay a phone bill."

48.     The Buffalo Police Officers, without permission or cause, then placed his head inside my car while I was being seized and my daughter remained scared inside my car.

49.     During my unlawful search, seizure, detention and custodial stop, CHEVALIER R. JONES was unlawfully arrested and placed in one of the many police vehicles at the scene.

50.     After a few minutes, I was released by the Buffalo Police Officers.

51.     Buffalo Police Officers told me where they took CHEVALIER R. JONES.

52.     The Buffalo Police Officers further told me to go home because CHEVALIER R. JONES might not be released tonight.

53.     I then went to the precinct, being too afraid to enter the building.  I remained in my car with my daughter for approximately 45 minutes until it was necessary to return home for baby food and diapers.

54.     When I got home I received a telephone call from CHEVALIER R. JONES that he was released from custody.

55.     That the multiple police officers are the scene conspired to interfere with the civil rights of the Plaintiff and her daughter.

56.     Upon information and belief, Defendant **GARRY** has a trouble history and pattern of making false claims against innocent persons, failing to follow the law, use of excessive force against persons in the course of his duties under color of law, and

engaging other officers through overt and deliberate action to support and back up the illegal acts of Defendant **GARRY** and other police officers.

57.     Specifically, the initial discussion with CHEVALIER R. JONES with the unknown female officer was without incident until Defendant **GARRY** came from across the parking lot and started loudly yelling and inserting himself into the discussion.

58.     Defendant **GARRY** escalated the situation by yelling and physically pushing CHEVALIER R. JONES without cause, probable or otherwise.

59.     As a direct and proximate result of Defendants' actions, Plaintiff and her daughter were deprived of their due process rights, remedies, privileges, and immunities under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and the laws of the State of New York.

60.     The actions of Defendants, acting under color of State law, deprived Plaintiff of his due process rights, and rights, remedies, privileges and immunities under the laws and Constitution of the United States, treatise, ordinances, custom and usage of a right, in particular, the right to free from false allegations and reporting, to be secure in his person and property, to be free from malicious prosecution, abuse of process, and right to due process.

61.     By these actions, Defendants have deprived Plaintiff of rights secured by treatise, ordinances, custom and usage of a right, First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983, 1985 and 1986

62.    Defendants, **CITY** and **BPD** knew about the deprivation of individual rights by the individual defendants or should have known about it particularly Defendant **GARRY**.

63.    At all relevant times, Defendants, **CITY** and **BPD** staffed its police departments with officers, including **JOHN DOES 1, 2, 3, 4, 5 and 6**, who were unsupervised, undisciplined, inadequately trained and wholly unsuited to perform as police officers.

64.    At all relevant times, Defendants, **CITY and BPD** knew, or should have known, that employees were abusing authority to carry out personal, political or illegal vendettas against members of the public.

### AS AND FOR A FIRST CAUSE OF ACTION, PLAINTIFF RESPECTFULLY ALLEGES UNTO THE COURT AS FOLLOWS: 42 U.S.C. § 1983 – all Defendants

65.    Plaintiff repeats, realleges and reaffirms, as part of his cause of action, each and every allegation contained in the paragraphs of this Complaint marked and designated 1 through 64 with the same force and effect as if set forth herein.

66.    By detaining Plaintiff and her daughter in a custodial stop without justification, probable cause or reasonable suspicion, Defendants deprived Plaintiff and her daughter of their due process rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. § 1983, including, but not limited to, rights guaranteed by First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

67.     The Defendants, particularly the police officers present at the scene, knew that the civil rights of the Plaintiff and her daughter were being violated yet refused to aid or present the commission of the same.

68.     The Defendants, particularly the police officers present at the scene, chose to support the wrongful officers as collusion in furtherance of what is commonly known as the 'blue line' rather than protect innocent persons including a two year old child.

69.     The Plaintiff believes she was denied her rights in part due to the color of her skin.

70.     The Plaintiff believes that she was judged on the color of her skin rather than the content of her character and person.

71.     The Plaintiff believes that the many, many police officers at the scene allegedly responding to a description of a person with a gun were looking for some person who was not her, her daughter, or CHEVALIER R. JONES.

72.     Plaintiff believes she was judged her to be a black person in the 'hood' who did not deserve the protections of her civil rights.

73.     The Plaintiff believes she was viewed as someone other than who she is: a hard-working mother who owns her own home and is employed and has been employed consistently for years.

74.     Instead, the Defendants engaged in a group stomping and beating of CHEVALIER R. JONES before her and her daughter's own eyes because an out of control, heightened emotional police officer was allowed to push, stomp and beat up an innocent person.

75.    Comments from the Defendant **GARRY**, to bystanders exposed the illegal intent and thinking he had including telling one bystander who was criticizing him to "get a job".

76.    The Defendant police officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as agents and officers of Defendants, **COUNTY and BPD**.  Said acts by the individual Defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and the individual Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of his constitutional rights secured by 42 U.S.C. § 1983, and by the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

**AS AND FOR A SECOND CAUSE OF ACTION, PLAINTIFF**
**RESPECTFULLY ALLEGES UNTO THE COURT AS FOLLOWS:**
**42 U.S.C. § 1985 (Conspiracy to Interfere with Rights) – all Defendants**

77.    Plaintiff repeats, realleges and reaffirms, as part of his cause of action, each and every allegation contained in the paragraphs of this Complaint marked and designated 1 through 76 with the same force and effect as if set forth herein.

78.    Defendants conspired together to deprive the Plaintiff and her daughter of their civil rights in violation of 42 U.S.C. § 1985(3).

79.    The conspiracy included those involved with law enforcement actions in and around the plaza locate at 731 Sycamore Street in the City of Buffalo on July 30, 2023 at or around 5:15 p.m.

80.    The conspirators engaged in overt acts in furtherance of the conspiracy, including but not limited to using violent force against persons challenging the acts of a police officer.

81.    This conspiracy targeted black and brown people or persons who police officers thought were black or brown persons.  Both groups are protected classes under 42 U.S.C. § 1985(3).

82.    The conspiracy targeted persons in poor sections of the City of Buffalo that are predominantly known as areas resided in or used by black or brown persons.

83.    The conspiracy targeted Plaintiff and her daughter's Fourth Amendment rights.

84.    Upon information and belief, Defendant **GARRY** held animus towards black and brown persons.

85.    Upon information and belief, Defendant **GARRY** held animus towards persons who question his authority and ego.

86.    The conspiracy targeted and interfered with Plaintiff and her daughter's right to be free as protected by the constitution.

87.    By detaining and confining Plaintiff and her daughter in a custodial stop without justification, probable cause or reasonable suspicion, Defendants deprived Plaintiff and her daughter of their due process rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. § 1985, including, but not limited to, rights guaranteed by First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

88.    The Defendant police officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as agents and officers of Defendants, **COUNTY and BPD**.  Said acts by the individual Defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and the individual Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff and her daughter of their constitutional rights secured by 42 U.S.C. § 1985, and by the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

89.    The Defendants wrongfully, illegally and unlawfully detained, confined and custodial stopped imprisoned the Plaintiff and her daughter.  The wrongful detention, confinement, and custodial stop of Plaintiff and her daughter were carried out without a valid warrant, without Plaintiff's consent, and without probable cause or reasonable suspicion or cause.  All of the foregoing occurred without any fault or provocation on the part of the Plaintiff or her daughter.

90.    At all times relevant hereto, Defendants acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard of Plaintiff and her daughter's rights, privileges, welfare and well-being and are guilty of egregious and gross misconduct toward the Plaintiff.

**AS AND FOR A THIRD CAUSE OF ACTION, PLAINTIFF
RESPECTFULLY ALLEGES UNTO THE COURT AS FOLLOWS:
42 U.S.C. § 1986 – all Defendants
(Failure to Prevent a Conspiracy to Interfere with Rights)**

91.   Plaintiff repeats, realleges and reaffirms, as part of his cause of action, each and every allegation contained in the paragraphs of this Complaint marked and designated 1 through 90 with the same force and effect as if set forth herein.

92.   Defendants, including but not limited to **GARRY, HANOVER** and **JOHN DOES 1-6** violated 42 U.S.C. § 1986 by failing to meet their duty to prevent or aid in preventing conspiracies to deprive civil rights.

93.   Defendants knew that a Section 1985 violation was about to occur or was occurring, had the power to prevent or aid in preventing it, and neglected or refused to prevent or aid in preventing it.

94.   Law enforcement's failure to stop unlawful search, seizure, detention and confinement or violence to Plaintiff's passenger by a 42 U.S.C. § 1985(3) conspiracy when they knew it is about to occur is a quintessential Section 1986 violation.

95.   As set forth herein, the Defendants knew of the explosive anger and reaction of Defendant **GARRY** in carrying out his duties and failed to stop or take action to prevent the public from being subjected to him.

96.   Defendant **GARRY** should not be a police officer dealing with the public on the streets of Buffalo.

97.   As a result of Defendants' failure to prevent or aid in preventing the Section 1985 conspiracy, the Plaintiff and her daughter were injured and their rights violated.

98.   Defendants acted with reckless or callous indifference to the federally protected rights of the Plaintiff and her daughter and therefore are liable for damages.

**AS AND FOR A FOURTH CAUSE OF ACTION, PLAINTIFF
RESPECTFULLY ALLEGES UNTO THE COURT AS FOLLOWS:
VIOLATION OF FOURTH AMENDMENT RIGHT TO FREEDOM
FROM UNREASONABLE SEARCH AND SEIZURE– all Defendants**

99.     Plaintiff repeats, realleges and reaffirms, as part of his cause of action, each and every allegation contained in the paragraphs of this Complaint marked and designated  1 through 98 with the same force and effect as if set forth herein.

100.    The actions of Defendants namely the forcing of Plaintiff to an illegal search and seizure without a warrant or probable cause to confine her violated her rights under the Fourth Amendment to the United States Constitution to be free from unreasonable searches.

101.    Defendants are jointly and severally liable to the Plaintiff and her daughter pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) for this violation of their rights.

102.    Defendants acted with reckless or callous indifference to the federally protected rights of the Plaintiff and her daughter and are liable for damages.

**AS AND FOR A FIFTH CAUSE OF ACTION, PLAINTIFF
RESPECTFULLY ALLEGES UNTO THE COURT AS FOLLOWS:
DUE PROCESS RIGHTS – all Defendants**

103.    Plaintiff repeats, realleges and reaffirms, as part of his cause of action, each and every allegation contained in the paragraphs of this Complaint marked and designated  1 through 102 with the same force and effect as if set forth herein.

104.    The acts described herein had the intent and the effect of humiliating and debasing the Plaintiff and suppressing her and her daughter's rights.  These acts

NYSCEF DOC. NO. 1

RECEIVED NYSCEF: 10/28/2024

included, among other things, searching her in front of a crowd of bystanders, keeping her confined, and depriving her and her daughter of her rights.

105.    Defendants are liable for said conduct in that Defendants participated in, set the conditions, directly and indirectly facilitated, ordered, acquiesced, confirmed, ratified and or conspired together in denying the Plaintiff and her daughter their due process rights under New York law.

106.    Plaintiff and her daughter suffered as a result of these acts.

### AS AND FOR A SIXTH CAUSE OF ACTION, PLAINTIFF RESPECTFULLY ALLEGES UNTO THE COURT AS FOLLOWS: MUNICIPAL LIABILITY

107.    Plaintiff repeats, realleges and reaffirms, as part of his cause of action, each and every allegation contained in the paragraphs of this Complaint marked and designated  1 through 106 with the same force and effect as if set forth herein.

108.    The Defendants acts were based on a policy, practice and custom established by Defendants **COUNTY and BPD** to deny persons their civil rights.

109.    The policies, practices and customs alleged herein are so persistent and widespread that it constitutes a custom of which constructive knowledge can be implied on the part of the policymaking officials in Defendant **CITY and BPD**.

110    Defendants' policymaking officials, in furtherance of the policies, practices and customs alleged herein, refused, failed and/or neglected to properly train or supervise their subordinates, amounting to 'deliberate indifference' to the rights of those who come in contact with the municipal employees, including Plaintiff.

111.    Defendants owed a duty of care to Plaintiff and her daughter.

112.    Defendants allowed this conduct including but not limited to allowing Defendant **GARRY** to remain a police officer and/or a police officer in direct dealing with citizens on the street.

113.    Under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that a harm to Plaintiff and her daughter or those in a like situation would result from conduct described herein.

114.    Upon information and belief, Defendants knew or should have known through the exercise of reasonable diligence that the Defendant police officers were not prudent and were potentially dangerous.

115.    Upon information and belief, Defendants negligence in hiring and retaining the Defendant police officers proximately caused Plaintiff's injuries.

116.    Defendants **BPD and CITY**, as employers of Defendant police officers are responsible for their wrongdoing under the doctrine of respondeat superior.

117.    Defendants policies, practices, customs lead to improper conduct by its police officers.

118.    In failing to take any corrective actions, Defendants **BPD and CITY** acted with deliberate indifference, and its failure was a direct and proximate cause of the Plaintiff's harms and injuries and deprivation of rights as describe herein.

WHEREFORE, the Plaintiff, **ROCHELLE T. ALSTON, individually and on behalf of her infant daughter, J.L.J.,**, demands a judgment for her and her daughter's causes of action against Defendants, **CITY OF BUFFALO, CITY OF BUFFALO POLICE DEPARTMENT, PATRICK S. GARRY, JONATHAN J.**

**HANOCER and JOHN DOES 1, 2, 3, 4, 5 and 6**, individually, in the amount as follows:

    1.    For the First Cause of Action an amount upwards of $75,000.00 together with attorneys fees, costs and disbursements of this action;

    2.    For the Second Cause of Action an amount upwards of $75,000.00 together with attorneys fees, costs and disbursements of this action;

    3.    For the Third Cause of Action an amount upwards of $75,000.00 together with attorneys fees, costs and disbursements of this action;

    4.    For the Fourth Cause of Action an amount upwards of $100,000.00 together with attorneys fees, costs and disbursements of this action;

    5.    For the Fifth Cause of Action an amount upwards of $50,000.00 together with attorneys fees, costs and disbursements of this action;

    6.    For the Sixth Cause of Action an amount upwards of $50,000.00 together with attorneys fees, costs and disbursements of this action;

Dated:  Niagara Falls, New York
        October 20, 2024

                    Respectfully Submitted,

**MALONEY & MALONEY**
**By:  Mary E. Maloney, Esq.**
Attorney for Plaintiff
Office and Post Office Address
256 Third Street, Suite 31
Niagara Falls, NY 14303
(716) 282-2356

STATE OF NEW YORK    )
                                    > ss.:

COUNTY OF NIAGARA          )

       **ROCHELLE T. ALSTON, individually and on behalf of her infant daughter,** **J.L.J.**, being duly sworn says that she is the Plaintiff of the within **COMPLAINT**; that deponent has read the foregoing **COMPLAINT** and knows the contents thereof, that the same is true to deponent's knowledge, except as to those matters therein stated to be alleged upon information and belief; and that as to those matters she believes them to be true.

                                          **ROCHELLE T. ALSTON**

Subscribed and sworn to before me
this ___24th___ day of October, 2024.

_____
Notary Public

```
MARY ELLEN MALONEY
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02MA6244846
Qualified in Erie County
Commission Expires July 18, 20__
```

## Attorney Certification

I certify that, to the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of the paper or the contentions therein are not frivolous as defined and subsection (c) of Section 130-1.1.

**DATED**:  October 20, 2024

**MARY E. MALONEY, ESQ.**
**MALONEY & MALONEY**
Attorneys for Plaintiff
Office and Post Office Address
256 Third Street, Suite 31
Niagara Falls, New York   14303
(716)   282-2356

**FILED: ERIE COUNTY CLERK 02/24/2025 12:52 PM**

NYSCEF DOC. NO. 2

INDEX NO. 815893/2024

RECEIVED NYSCEF: 02/24/2025

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ERIE

| | |
|---|---|
| **Plaintiff / Petitioner:**<br>ROCHELLE ALSTON, et al<br><br>**Defendant / Respondent:**<br>CITY OF BUFFALO, et al | **AFFIRMATION OF SERVICE**<br>**Index No:**<br>**815893/2024**<br>**Date Filed:** |

I, Michael Hadden affirm and say that I'm not a party herein, I'm over 18 years of age and reside in New York State. That on Thu, Feb 20 2025 AT 11:45 AM AT 68 Court Street, Buffalo, NY 14202 affirmant served the within SUMMONS, COMPLAINT, NOTICE OF ELECTRONIC FILING on CITY OF BUFFALO POLICE DEPARTMENT

☐ **Individual:** by delivering a true copy of each to said defendant, personally; affirmant knew the person so served to be the person described as said defendant therein.

☐ **Corporation/Agency:** a defendant, therein named, by delivering a true copy of each to _____ personally, affirmant knew said corporation/agency so served to be the corporation/agency described, and knew said individual to be thereof.

☒ **Suitable Person:** by delivering thereat, a true copy of each to CITY OF BUFFALO POLICE DEPT RECORDS TECHNICIAN - *S. ROBINSON* a person of suitable age and discretion. That person was also asked by affirmant whether said premises was the defendant's residence/place of business and the reply was affirmative.

☐ **Affixing to Door:** by affixing a true copy of each to the door thereof, affirmant was unable with due diligence to find defendant, or a person of suitable age or discretion thereat, having called thereon; at

☐ **Mailing:** Affirmant also enclosed a copy of same, in a postpaid sealed wrapper marked personal and confidential that did not indicate on it that the communication was from an attorney or concerns an action against the person to be served at aforementioned address to be mailed by first class mail and depositing said wrapper in a post office, official depository, under the exclusive care and custody of the United States Post Office department. Mailed on _____.

☐ **Military Service:** I asked the person spoken to whether defendant was in active military service of the United States or of the State of New York in any capacity whatever and received a negative reply. The source of my information and the ground of my belief are the conversations and observations narrated. Upon information and belief I aver that the defendant is not in the military service of New York State or of the United States as that term is defined in either the State or in the Federal statutes.

**Description:**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Age: | 55 | Skin Color: | brown | Gender: | Female | Weight: | 135 |
| Height: | 5'4 | Hair: | Black | Eyes: | Brown | Relationship: | RECORDS TECHNICIAN |

Other  Ms. Robinson was specifically asked if she was authorized to accept service of process for the City of Buffalo Police Department. She responded in the affirmative she was authorized.

_____
Michael Hadden - Process Server

Pursuant to NY CPLR § 2106. I affirm this 21 day of FEBRUARY, 2025, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

**FILED: ERIE COUNTY CLERK 02/24/2025 12:52 PM** INDEX NO. 815893/2024

NYSCEF DOC. NO. 2                                              RECEIVED NYSCEF: 02/24/2025

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ERIE

| | |
|---|---|
| **Plaintiff / Petitioner:** | **AFFIRMATION OF SERVICE** |
| ROCHELLE ALSTON, et al | **Index No:** |
| **Defendant / Respondent:** | **815893/2024** |
| CITY OF BUFFALO, et al | **Date Filed:** |

I, Michael Hadden affirm and say that I'm not a party herein, I'm over 18 years of age and reside in <u>New York State</u>. That on <u>Thu, Feb 20 2025</u> AT <u>11:28 AM</u> AT <u>65 Niagara Square 11TH FLOOR, Buffalo, NY 14202</u> affirmant served the within <u>SUMMONS, COMPLAINT, NOTICE OF ELECTRONIC FILING</u> on <u>CITY OF BUFFALO</u>

☐ **Individual:** by delivering a true copy of each to said defendant, personally; affirmant knew the person so served to be the person described as said defendant therein.

☐ **Corporation/Agency:** a defendant, therein named, by delivering a true copy of each to _____ personally, affirmant knew said corporation/agency so served to be the corporation/agency described, and knew said individual to be thereof.

☒ **Suitable Person:** by delivering thereat, a true copy of each to <u>CITY OF BUFFALO LAW DEPT CLERK LINDA FABIAN</u> a person of suitable age and discretion. That person was also asked by affirmant whether said premises was the defendant's residence/place of business and the reply was affirmative.

☐ **Affixing to Door:** by affixing a true copy of each to the door thereof, affirmant was unable with due diligence to find defendant, or a person of suitable age or discretion thereat, having called thereon; at _____

☐ **Mailing:** Affirmant also enclosed a copy of same, in a postpaid sealed wrapper marked personal and confidential that did not indicate on it that the communication was from an attorney or concerns an action against the person to be served at aforementioned address to be mailed by first class mail and depositing said wrapper in a post office, official depository, under the exclusive care and custody of the United States Post Office department. Mailed on _____ .

☐ **Military Service:** I asked the person spoken to whether defendant was in active military service of the United States or of the State of New York in any capacity whatever and received a negative reply. The source of my information and the ground of my belief are the conversations and observations narrated. Upon information and belief I aver that the defendant is not in the military service of New York State or of the United States as that term is defined in either the State or in the Federal statutes.

**Description:**

| | | | | |
|---|---|---|---|---|
| Age: 60 | Skin Color: Caucasian | Gender: Female | | Weight: 110 |
| Height: 5'0" | Hair: White | Eyes: Brown | | Relationship: |
| Other | | | | |

_Michael Hadden - Process Server_

Pursuant to NY CPLR § 2106. I affirm this 21 day of FEBRUARY, 2025, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

**FILED: ERIE COUNTY CLERK 02/24/2025 12:52 PM**
INDEX NO. 815893/2024

NYSCEF DOC. NO. 2
RECEIVED NYSCEF: 02/24/2025

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ERIE

| | |
|---|---|
| **Plaintiff / Petitioner:** | **AFFIRMATION OF SERVICE** |
| ROCHELLE ALSTON, et al | **Index No:** |
| **Defendant / Respondent:** | **815893/2024** |
| CITY OF BUFFALO, et al | **Date Filed:** |

I, Michael Hadden affirm and say that I'm not a party herein, I'm over 18 years of age and reside in New York State. That on Thu, Feb 20 2025 AT 11:45 AM AT 68 Court Street, Buffalo, NY 14202 affirmant served the within SUMMONS, COMPLAINT, NOTICE OF ELECTRONIC FILING on PATRICK S GARRY

☐ **Individual:** by delivering a true copy of each to said defendant, personally; affirmant knew the person so served to be the person described as said defendant therein.

☐ **Corporation/Agency:** a defendant, therein named, by delivering a true copy of each to _____ personally, affirmant knew said corporation/agency so served to be the corporation/agency described, and knew said individual to be thereof.

☒ **Suitable Person:** by delivering thereat, a true copy of each to CITY OF BUFFALO POLICE DEPT RECORDS TECHNICIAN - S. ROBINSON a person of suitable age and discretion. That person was also asked by affirmant whether said premises was the defendant's residence/place of business and the reply was affirmative.

☐ **Affixing to Door:** by affixing a true copy of each to the door thereof, affirmant was unable with due diligence to find defendant, or a person of suitable age or discretion thereat, having called thereon; at _____

☒ **Mailing:** Affirmant also enclosed a copy of same, in a postpaid sealed wrapper marked personal and confidential that did not indicate on it that the communication was from an attorney or concerns an action against the person to be served at aforementioned address to be mailed by first class mail and depositing said wrapper in a post office, official depository, under the exclusive care and custody of the United States Post Office department. Mailed on Feb 21 2025.

☐ **Military Service:** I asked the person spoken to whether defendant was in active military service of the United States or of the State of New York in any capacity whatever and received a negative reply. The source of my information and the ground of my belief are the conversations and observations narrated. Upon information and belief I aver that the defendant is not in the military service of New York State or of the United States as that term is defined in either the State or in the Federal statutes.

**Description:**
| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Age: 55 | Skin Color: brown | | Gender: Female | | Weight: 135 | | |
| Height: 5'4 | Hair: Black | Eyes: Brown | | | Relationship: RECORDS TECHNICIAN | | |

Other   Ms. Robinson was specifically asked if she was authorized to accept service of process for Patrick S Garry. She responded in the affirmative she was authorized.

Michael Hadden - Process Server

Pursuant to NY CPLR § 2106. I affirm this 21 day of FEBRUARY, 2025, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

**FILED: ERIE COUNTY CLERK 02/24/2025 12:52 PM**
INDEX NO. 815893/2024

NYSCEF DOC. NO. 2

RECEIVED NYSCEF: 02/24/2025

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ERIE

| | |
|---|---|
| Plaintiff / Petitioner: | **AFFIRMATION OF SERVICE** |
| ROCHELLE ALSTON, et al | Index No: |
| Defendant / Respondent: | 815893/2024 |
| CITY OF BUFFALO, et al | Date Filed: |

I, Michael Hadden affirm and say that I'm not a party herein, I'm over 18 years of age and reside in <u>New York State</u>. That on <u>Thu, Feb 20 2025</u> AT <u>11:45 AM</u> AT <u>68 Court Street, Buffalo, NY 14202</u> affirmant served the within <u>SUMMONS, COMPLAINT, NOTICE OF ELECTRONIC FILING</u> on <u>Jonathan J Hanover</u>

☐ **Individual:** by delivering a true copy of each to said defendant, personally; affirmant knew the person so served to be the person described as said defendant therein.

☐ **Corporation/Agency:** a defendant, therein named, by delivering a true copy of each to _____ personally, affirmant knew said corporation/agency so served to be the corporation/agency described, and knew said individual to be thereof.

☒ **Suitable Person:** by delivering thereat, a true copy of each to <u>CITY OF BUFFALO POLICE DEPT RECORDS TECHNICIAN - *S. ROBINSON*</u> a person of suitable age and discretion. That person was also asked by affirmant whether said premises was the defendant's residence/place of business and the reply was affirmative.

☐ **Affixing to Door:** by affixing a true copy of each to the door thereof, affirmant was unable with due diligence to find defendant, or a person of suitable age or discretion thereat, having called thereon; at

☒ **Mailing:** Affirmant also enclosed a copy of same, in a postpaid sealed wrapper marked personal and confidential that did not indicate on it that the communication was from an attorney or concerns an action against the person to be served at aforementioned address to be mailed by first class mail and depositing said wrapper in a post office, official depository, under the exclusive care and custody of the United States Post Office department. Mailed on <u>Feb 21 2025</u>.

☐ **Military Service:** I asked the person spoken to whether defendant was in active military service of the United States or of the State of New York in any capacity whatever and received a negative reply. The source of my information and the ground of my belief are the conversations and observations narrated. Upon information and belief I aver that the defendant is not in the military service of New York State or of the United States as that term is defined in either the State or in the Federal statutes.

**Description:**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Age: | 55 | Skin Color: | brown | Gender: | Female | Weight: | 135 |
| Height: | 5'4 | Hair: | Black | Eyes: | Brown | Relationship: | RECORDS TECHNICIAN |

Other  Ms. Robinson was specifically asked if she was authorized to accept service of process for Jonathan J Hanover  She responded in the affirmative she was authorized.

Michael Hadden - Process Server

Pursuant to NY CPLR § 2106. I affirm this 21 day of FEBRUARY, 2025, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

FILED: ERIE COUNTY CLERK 02/24/2025 12:52 PM

NYSCEF DOC. NO. 2

INDEX NO. 815893/2024

RECEIVED NYSCEF: 02/24/2025

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ERIE

| | |
|---|---|
| **Plaintiff / Petitioner:** | **AFFIRMATION OF SERVICE** |
| ROCHELLE ALSTON, et al | **Index No:** |
| **Defendant / Respondent:** | **815893/2024** |
| CITY OF BUFFALO, et al | **Date Filed:** |

I, Michael Hadden affirm and say that I'm not a party herein, I'm over 18 years of age and reside in <u>New York State</u>. That on <u>Thu, Feb 20 2025</u> AT <u>11:45 AM</u> AT <u>68 Court Street, Buffalo, NY 14202</u> affirmant served the within <u>SUMMONS, COMPLAINT, NOTICE OF ELECTRONIC FILING</u> on <u>John Does 1-6</u>

| | |
|---|---|
| ☐ | **Individual:** by delivering a true copy of each to said defendant, personally; affirmant knew the person so served to be the person described as said defendant therein. |
| ☐ | **Corporation/Agency:** a defendant, therein named, by delivering a true copy of each to _____ personally, affirmant knew said corporation/agency so served to be the corporation/agency described, and knew said individual to be thereof. |
| ☒ | **Suitable Person:** by delivering thereat, a true copy of each to <u>CITY OF BUFFALO POLICE DEPT RECORDS TECHNICIAN</u> - *S. ROBINSON* a person of suitable age and discretion. That person was also asked by affirmant whether said premises was the defendant's residence/place of business and the reply was affirmative. |
| ☐ | **Affixing to Door:** by affixing a true copy of each to the door thereof, affirmant was unable with due diligence to find defendant, or a person of suitable age or discretion thereat, having called thereon; at _____ |
| ☒ | **Mailing:** Affirmant also enclosed a copy of same, in a postpaid sealed wrapper marked personal and confidential that did not indicate on it that the communication was from an attorney or concerns an action against the person to be served at aforementioned address to be mailed by first class mail and depositing said wrapper in a post office, official depository, under the exclusive care and custody of the United States Post Office department. Mailed on <u>Feb 21 2025</u>. |
| ☐ | **Military Service:** I asked the person spoken to whether defendant was in active military service of the United States or of the State of New York in any capacity whatever and received a negative reply. The source of my information and the ground of my belief are the conversations and observations narrated. Upon information and belief I aver that the defendant is not in the military service of New York State or of the United States as that term is defined in either the State or in the Federal statutes. |

**Description:**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Age: | 55 | Skin Color: | brown | Gender: | Female | Weight: | 135 |
| Height: | 5'4 | Hair: | Black | Eyes: | Brown | Relationship: | RECORDS TECHNICIAN |

Other   Ms. Robinson was specifically asked if she was authorized to accept service of process for unnamed John Does.  She responded in the affirmative she was authorized.

Michael Hadden - Process Server

Pursuant to NY CPLR § 2106. I affirm this 21 day of FEBRUARY, 2025, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

# Exhibit D

FILED: ERIE COUNTY CLERK 03/11/2025 02:47 PM
INDEX NO. 815893/2024
NYSCEF DOC. NO. 3
RECEIVED NYSCEF: 03/11/2025

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

------------------------------------------------------------

ROCHELLE ALSTON, individually and
On behalf of her infant daughter, J.L.J.

    Plaintiffs,

  v.

CITY OF BUFFALO,
BUFFALO POLICE DEPARTMENT, PATRICK S.
GARRY, JONATHAN J. HANOVER, and
JOHN DOES 1-6, as unidentified officers
of the Buffalo Police Department

    Defendants.

------------------------------------------------------------

**ANSWER**

Index No. 815893/2024

   Defendants, City of Buffalo (hereinafter "City"), Buffalo Police Department (hereinafter "BPD"), Patrick S. Garry ("Officer Garry"), Jonathan J. Hanover ("Officer Hanover"), and Buffalo Police Officers John Does 1-6 ("Does") (hereinafter combined as "Defendants"), by their undersigned attorneys, for their Answer to plaintiffs' Complaint, upon information and belief allege:

   1. Admit the allegations in paragraphs 8, 9, 10, 11, 22, and 26 of the Complaint.

   2. Deny knowledge or information sufficient to form a belief about the allegation in paragraphs 7, 12, 13, 21, 23, 24, 25, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 44, 45, 46, 47, 48, 50, 51, 52, 53, 54, 57, 63, 69, 70, 71, 72, 73, and 75 of the Complaint.

   3. Deny the allegations in paragraphs 2, 19, 39, 40, 41, 42, 43, 49, 55, 56, 58, 59, 60, 61, 62, 64, 66, 67, 68, 74, 76, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90,

1

FILED: ERIE COUNTY CLERK 03/11/2025 02:47 PM    INDEX NO. 815893/2024

NYSCEF DOC. NO. 3    RECEIVED NYSCEF: 03/11/2025

92, 93, 94, 95, 96, 97, 98, 100, 101, 102, 104, 105, 106, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, and 118 of the Complaint.

4.    The allegations contained in paragraphs 1, 3, 4, 5, and 6 oof the Complaint assert legal conclusions, which do not warrant a response. However, to the extent that a response is warranted, Defendants deny the allegations contained in those paragraphs.

5.    Responding to paragraphs 14, 15, 16, 17, and 18, City admits that the BPD is an administrative arm of the City that does not exist separate and apart from the City and does not have its own legal identity.

6.    Defendants admit to what was entitled a Notice of Claim on or about October 14, 2023, as alleged in paragraph 20, but deny the remaining allegations contained in that paragraph.

7.    Defendants deny each and every allegation of the Complaint not specifically answered herein.

## FIRST DEFENSE

8.    Plaintiffs' damages, if any, must be reduced in proportion to their own culpable conduct, pursuant to CPLR 1411.

## SECOND DEFENSE

9.    Plaintiffs cannot recover damages that could have been avoided or mitigated.

## THIRD DEFENSE

10.    Any damages must be reduced by the amount plaintiffs have received, or will with reasonable certainty receive from collateral sources, pursuant to CPLR 4545.

2

FILED: ERIE COUNTY CLERK 03/11/2025 02:47 PM    INDEX NO. 815893/2024
NYSCEF DOC. NO. 3                                           RECEIVED NYSCEF: 03/11/2025

## FOURTH DEFENSE

11.     Defendants will claim an offset pursuant to General Obligations Law §15 -108, if applicable.

## FIFTH DEFENSE

12.     Defendants' liability may be limited under Article 16 of the CPLR.

## SIXTH DEFENSE

13.     Plaintiffs may have failed to join necessary parties.

## SEVENTH DEFENSE

14.     In the event that plaintiffs do recover against Defendants, Defendants will request that an apportionment of fault be made as to all parties and non-parties legally responsible for the damages alleged in the Complaint and will further request a judgment or declaration of indemnification or contribution against all those parties or non-parties in accordance with the apportionment of fault.

## EIGHTH DEFENSE

15.     Defendants are protected from liability by the doctrine of qualified immunity.

## NINTH DEFENSE

16.     Defendants are protected from liability by the doctrine of governmental function immunity.

3

FILED: ERIE COUNTY CLERK 03/11/2025 02:47 PM

NYSCEF DOC. NO. 3

INDEX NO. 815893/2024

RECEIVED NYSCEF: 03/11/2025

## TENTH DEFENSE

17.     The complaint may be barred, in whole or in part, by the existence of probable cause, reasonable suspicion, or arguable probable cause or arguable reasonable suspicion.

## ELEVENTH DEFENSE

18.     The complaint may be barred, in whole or in part, by the doctrines of res judicata and collateral estoppel.

## TWELFTH DEFENSE

19.     The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## THIRTEENTH DEFENSE

20.     Any use of force against plaintiffs was justified.

## FOURTEENTH DEFENSE

21.     Personal jurisdiction is lacking over the Defendants.

## FIFTEENTH DEFENSE

22.     Plaintiffs failed to comply with the pleading requirements for suing a municipality.

**WHEREFORE**, Defendants request judgment dismissing the complaint, together with the costs and disbursements of this action, and any additional relief the Court deems appropriate.

4

FILED: ERIE COUNTY CLERK 03/11/2025 02:47 PM    INDEX NO. 815893/2024

NYSCEF DOC. NO. 3    RECEIVED NYSCEF: 03/11/2025

Dated: March 11, 2025
      Buffalo, New York

                    CAVETTE A. CHAMBERS
                    Corporation Counsel
                    Attorneys for Defendants

                    *Ryan M. Sollenne*

                    Ryan M. Sollenne, Esq.
                    Assistant Corporation Counsel
                    City of Buffalo Department of Law
                    65 Niagara Square, 1115 City Hall
                    Buffalo, New York 14202
                    (716) 851-9661

Mary E. Maloney, Esq.
Maloney & Maloney
Attorneys for Plaintiffs
256 Third Street, Suite 31
Niagara Falls, New York 14303
(716) 282-2356

5

Exhibit E

FILED: ERIE COUNTY CLERK 03/11/2025 02:47 PM
INDEX NO. 815893/2024
NYSCEF DOC. NO. 4
RECEIVED NYSCEF: 03/11/2025

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

--------------------------------------------------------------

**NOTICE OF DEPOSITION**

ROCHELLE ALSTON, individually and
On behalf of her infant daughter, J.L.J.

Index No. 815893/2024

        Plaintiffs,

    v.

CITY OF BUFFALO,
BUFFALO POLICE DEPARTMENT, PATRICK S.
GARRY, JONATHAN J. HANOVER, and
JOHN DOES 1-6, as unidentified officers
of the Buffalo Police Department

        Defendants.

--------------------------------------------------------------

      **PLEASE TAKE NOTICE**, that pursuant to CPLR 3107, defendants, City of Buffalo,

Buffalo Police Department, Patrick S. Garry, Jonathan J. Hanover, and Buffalo Police

Officers John and Jane Does numbers one through six, hereby notice the deposition

testimony of plaintiffs before a court reporter and notary public at the City of Buffalo Law

Department, 1100 City Hall, 65 Niagara Square, Buffalo, New York, or by video platform,

the coordinates for such virtual method to be provided, at a date and time to be mutually

agreed upon; and

      **PLEASE TAKE FURTHER NOTICE**, that pursuant to CPLR 3111, the

plaintiffs are required to produce at the deposition all documents and other things

reviewed by them to prepare for the deposition and to refresh their recollection of the facts

of this case.

1

FILED: ERIE COUNTY CLERK 03/11/2025 02:47 PM    INDEX NO. 815893/2024

NYSCEF DOC. NO. 4    RECEIVED NYSCEF: 03/11/2025

Dated: March 11, 2025
      Buffalo, New York

                  CAVETTE A. CHAMBERS
                  Corporation Counsel
                  Attorneys for Defendants

                  *Ryan M. Sollenne*

                  Ryan M. Sollenne, Esq.
                  Assistant Corporation Counsel
                  City of Buffalo Department of Law
                  65 Niagara Square, 1115 City Hall
                  Buffalo, New York 14202
                  (716) 851-9661

Mary E. Maloney, Esq.
Maloney & Maloney
Attorneys for Plaintiffs
256 Third Street, Suite 31
Niagara Falls, New York 14303
(716) 282-2356